## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  99-CR-0095-001-HDC |
| v. | ) | |
| | ) | USM Number: 08557-062 |
| JOSEPH ALBERT ELLSWORTH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for federal probation [sic] to be satisfied due to illegal federal detention (Dkt. # 135). In June 2000 defendant pleaded guilty to a single count indictment charging interstate travel with intent to engage in sexual activity with a minor, in violation of 18 U.S.C. § 2423(b).  On August 28, 2000, the Honorable H. Dale Cook sentenced defendant to a 30-month term of imprisonment, having appeared on a Writ of Habeas Corpus Ad Prosequendum from the State of Oklahoma, where he was jailed on a pending criminal matter.  The Court also imposed a three-year term of supervised release,[1] a $1,000 fine, and a $100 special assessment.  Defendant was returned to state custody and subsequently imprisoned for a term of fifteen years in Tulsa County case CF-1999-3354.  As the sentencing court was silent as to how the federal sentence would run, the term was deemed to run consecutive to the state sentence.  Upon completion of the state custody term on February 1, 2008, defendant was received by the U.S. Bureau of Prisons (BOP) on March 4, 2008, to commence service of the instant sentence.  On September 30, 2008, this Court recommended, *nunc pro tunc*, that the federal sentence run concurrently with Tulsa County case CF-

---

[1]        It is assumed that defendant's reference to "federal probation" means his supervised release.

1999-3354, and that the BOP retroactively designate a state penal facility as the place of confinement of said sentence (Dkt. # 130). The BOP honored this recommendation, resulting in defendant's release on October 20, 2008, to a Colorado probation violation warrant and detainer in Denver County case 96-CR-1477 (see PSR, ¶ 42). Defendant was subsequently found in violation and sentenced to a six-year custody term. He is currently imprisoned at the Colorado Territorial Correctional Facility, Canon City, Colorado. Defendant is eligible for parole consideration in mid-2011, and his estimated mandatory release date is April 13, 2014.

Defendant's motion raises two issues allegedly justifying his request. First, he implies that his imprisonment within the BOP, roughly a period of nine months from February 1 to October 20, 2008, was illegal because the term was originally ordered to run concurrently with Tulsa County case CF-1999-3354. Second, defendant asserts that the Colorado Department of Corrections (CDC) has wrongfully applied security points based on a federal "hold," and denied his eligibility for release to a community-based facility. His requested remedy for these wrongs is for the Court to grant a three-for-one credit toward service of his term of supervised release for time served in BOP custody, by defendant's calculation, a total of 738 days.

Defendant's allegation of illegal federal imprisonment is erroneous. Because the federal sentencing court was silent as to how the sentence was to run in relation to the state case, the term was, in effect, ordered to run consecutively. See 18 U.S.C. § 3584(a). See also United States v. Ellsworth, 296 Fed.Appx. 612 2008 WL 4567133 (C.A. 10 (Okla.)) (upheld district court's dismissal of defendant's unauthorized second and successive § 2255 motion, and in so doing, held that defendant's sentence was not ordered to run concurrently with the state case). However, in September 2008, the undersigned recommended that the BOP apply the sentence concurrently,

2

which it did, resulting in the defendant's prompt release from federal custody.  Defendant's federal imprisonment was lawful.

As to defendant's second issue, although classification decisions made by the CDC relative to defendant's current imprisonment have no bearing on this Court's ruling on defendant's motion, some clarification is in order.  According to the CDC, defendant's security level and ineligibility for community-based programing has been evaluated based on several factors, to include defendant's prior convictions for sex crimes and a requirement that he release to the instant term of supervised release.  <u>See</u> CDC Administrative Regulation 600-01, effective October 15, 2008.  There is no federal hold or detainer lodged with the CDC influencing defendant's security level or institutional placement.

This Court does not have authority to grant the requested relief.  Once a sentence is imposed, it is final.  A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.  <u>See</u> <u>United States v. Smartt</u>, 129 F.3d 539, 540 (10th Cir. 1997) (holding that § 3582(c) permits modification of an imposed term of imprisonment only where a statute expressly provides for reduction of a previously imposed sentence).  This Court is unaware of any authority permitting modification or reduction of defendant's sentence based on his allegations.  A term of supervised release does not run while the person is imprisoned in connection with a conviction for any Federal, State, or local crime exceeding 30 consecutive days, and the term does not commence until the day the person is release from imprisonment.  <u>See</u> 18 U.S.C. § 3624(e).  A district court may, upon consideration of factors set out in 18 U.S.C. § 3553(a), terminate a term of supervised release and discharge a defendant at any time after expiration of one year of supervised release. <u>See</u> 18 U.S.C. § 3583(e)(1).  By statute, a

district court may not reduce the time a defendant is required to serve on supervised release until after service of at least a year of the term. The purpose of this statutory limitation is to afford a court adequate time to assess defendant's conduct and progress while in the community. <u>See</u> <u>United States v. Joseph</u>, 109 F.3d 34, 39 (1st Cir. 1997) (holding that a district court may not grant defendant's request for early termination prior to service of one year as the provisions of § 3583(e)(1) strongly imply Congress's judgment that the proper reintegration of formerly incarcerated offenders requires, at the very least, one year of supervised release). Further, in view of § 3553(a) factors and considering the nature and circumstances of defendant's instant conviction, his criminal history in general, and specifically, his record of violating court-ordered conditions of probation (<u>see</u> PSR, ¶¶ 41 & 42), this Court is of the opinion that defendant is in need of long-term supervision following release from imprisonment. This Court lacks the authority to reduce the term of supervised release at this time and, even if authorized, would deny defendant's motion based on his history and characteristics, the need to protect the community from further crimes, the need to afford adequate deterrence to criminal conduct, and the need to provide defendant with needed correctional treatment.

**IT IS THEREFORE ORDERED** that defendant's motion for federal probation to be satisfied due to illegal federal detention (Dkt. # 135) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 14th day of August, 2009.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT